UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL COLE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2325 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION ND, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Before the court in this diversity case is defendant's motion to dismiss. Dkt. 13. Defendant's earlier motion to dismiss was denied without prejudice when plaintiff filed her first amended complaint. Dkt. 12. After review of the motion, the response (Dkt. 14), the reply (Dkt. 15), and the applicable law, the motion is **GRANTED IN PART AND DENIED IN PART.**

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). *Aschroft v. Iqbal* , ___ U.S.___, 129 S. Ct. 1937, 1949 (2009). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).

### ANALYSIS

Plaintiff alleges three violations of the Texas Debt Collection Practices Act ("TDCPA"), TEX. FIN.CODE § 392.001, *et seq.* Defendant moves to dismiss all three counts.

In count one, plaintiff alleges that defendant "used false and misleading methods to collect a debt by threatening foreclosure when that right did not yet exist under the terms of the agreement" between the parties, which plaintiff alleges is a violation of TEX. FIN. CODE § 392.301(a)(8) (debt collector may not threaten to take action prohibited by law). Dkt. 9 ¶ 9. Threats of foreclosure are, however, expressly permitted under the TDCPA. TEX. FIN. CODE § 392.301(b). Therefore, count one is DISMISSED WITH PREJUDICE.

In count two, plaintiff alleges a violation of the Texas Debt Collection Act, TEX. FIN. CODE §392.302(4), which prohibits a debt collector from harassing or abusing a debtor by, *inter alia*, "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls with the intent to harass a person at the called number." Plaintiff has alleged repeated telephone calls beginning in March, 2011, and extending through June 3, 2011, and a specific instance of four telephone calls within 39 minutes on the same day. Dkt. 9 ¶ 6. Plaintiff alleges that the caller was "rude" and that the "abuse" from these calls caused plaintiff to develop a neurological condition requiring medical treatment. Dkt. 9 ¶¶ 6-7. Defendant asserts that plaintiff has pled no facts from which an intent to harass can be inferred. The court disagrees. Accepting as true the allegations in the complaint, plaintiff was subjected to repeated, rude calls over a period of several weeks that caused her neurological injury. These facts are sufficient to permit an inference of an intent to harass, and plaintiff has stated a plausible claim for relief. The motion to dismiss is DENIED with respect to count two.

In count three, plaintiff alleges that defendant "misrepresented the character, extent, or amount of a consumer debt" in violation of TEXAS FIN. CODE §392.304(a)(8). Defendant moves to dismiss on the basis that plaintiff has not identified any alleged misrepresentation made in the course of the collection calls. In fact, plaintiff alleges that defendant repeatedly demanded payments that were not late and were not yet due. Dkt. 9 ¶ 6. Thus, the motion to dismiss is DENIED with respect to count three.

It is hereby ORDERED that the motion to dismiss (Dkt. 13) is GRANTED with respect to count one, but DENIED with respect to counts two and three.

Signed at Houston, Texas on August 17, 2011.

_____
Gray H. Miller
United States District Judge